[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13473

_____

BIA Nos. A97-185-755 & A97-185-756

CARLOS RAMON LOAIZA,
NAZLY DE LOS REMEDIOS BECERRA,
CARLOS IVAN LOAIZA,
MARIA CAMILA LOAIZA,
JULIANA REMEDIOS LOAIZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 28, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Carlos Ramon Loaiza, Nazly de los Remedios Becerra, Carlos Ivan Loaiza, Maria Camila Loaiza, and Juliana Remedios Loaiza, through counsel, appeal a final order of the Bureau of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]  We deny the petition.

On appeal, Petitioners, who are Colombian citizens, argue that the BIA erred by denying their petition for asylum because Loaiza suffered past persecution on account of his political opinion.[2]  Loaiza, who the IJ found credible, testified that he was a member of a political organization called MORAL, and that he received threatening phone calls and pamphlets from a Colombian terrorist organization known as the National Liberation Army, or ELN.  The threatening messages demanded that Loaiza cease his political activities and that he "collaborate" with

---

[1] Carlos Loaiza's wife and children were listed as derivative applicants on his asylum application.  As the petitioners' claims relate primarily to Loaiza, we will refer largely to him only.

[2] Petitioners do not raise any challenge in their brief to the denial of withholding of removal or relief under the CAT and have thus abandoned these claims.  When an appellant fails to offer argument on an issue, that issue is abandoned.  See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004).

the ELN.[3] The ELN also sent Loaiza a "condolence letter" which he took to be a death threat. The IJ made no adverse credibility finding, so we accept Loaiza's testimony as true for the purposes of evaluating his asylum claim.

We "review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Because the BIA agreed with the IJ's findings as to Loaiza's eligibility for asylum and made additional observations, we review both decisions. In reviewing the IJ's and the BIA's factual determinations, we apply the substantial evidence test. Id. at 1283. When a decision is based on a factual determination, we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Id. at 1283-84 (citations omitted). To the extent that the BIA's decision is based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

Under the INA, the Attorney General or the Secretary of Homeland Security may grant asylum if an alien meets the statutory definition of a "refugee." See 8 U.S.C. § 1158(b)(1); Al Najjar, 257 F.3d at 1284. A "refugee" is:

---

[3] Because we find that the mistreatment Loaiza suffered does not rise to the level of persecution, we do not reach the question of whether the mistreatment he suffered was "on account of" his political opinion.

any person who is outside any country of such person's nationality ... and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

Id. § 1101(a)(42)(A). The asylum applicant has the burden of proving the "refugee" status that entitles him or her to be considered for asylum. Al Najjar, 257 F.3d at 1284. In order to carry this burden, the applicant must demonstrate either: (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of persecution on account of one of the five listed factors. 8 C.F.R. § 208.13(a), (b). In order to be "well-founded," a petitioner's fear of persecution must be "subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. In assessing past persecution we are required to consider the cumulative impact of the mistreatment the petitioners suffered. Ruiz v. U.S. Att'y Gen., 479 F.3d 762, 766 & n.2 (11th Cir. 2007). A petitioner's credible testimony that he fears persecution is generally sufficient to establish the subjective component. Al Najjar, 257 F.3d at 1284. An applicant who has demonstrated past persecution is presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13 (b)(1).[4]

---

[4] That presumption can be rebutted if the government demonstrates that there has been a "fundamental change in circumstances" such that the fear is no longer well-founded, or that the applicant can safely relocate within the country of nationality. 8 C.F.R. § 208.13 (b)(1).

4

In this case Loaiza argues that the threats made against him meet the definition of persecution. However not every intimidating message constitutes past persecution or the basis for a well-founded fear of future persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1237 (11th Cir. 2006) ("[A]s with the 'condolence note,' the receipt of anonymous threats . . . without more, does not qualify as persecution, because mere harassment does not amount to persecution.") (internal quotations and citation omitted); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231-32 (11th Cir. 2005); see also Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005) (threats did not amount to persecution where they were not imminent and concrete); Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003) ("Threats alone generally do not constitute actual persecution" unless "they are so immediate and menacing as to cause significant suffering or harm in themselves.") (citing Mendez-Gutierrez v. Ashcroft, 340 F.3d 865, 869 n.6 (9th Cir. 2003)); Boykov v. INS, 109 F.3d 413, 416 (7th Cir. 1997)).

In this case the IJ and BIA did not err in concluding that the phone calls and three written messages Loaiza received did not rise to the level of persecution. While the phone calls and letters were undoubtedly upsetting, they were not sufficiently severe, imminent, or concrete as to constitute persecution. Nor has Loiaza shown that the threats inflicted such harm or suffering as to themselves constitute persecution.  In short, these threats were akin to the "harassment"

5

suffered by the petitioners in <u>Silva</u> and <u>Sepulveda</u>. And because Loaiza has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. Without the benefit of that presumption, the evidence he has presented does not demonstrate such a well-founded fear.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.  Accordingly, we deny this petition for review.

**PETITION DENIED**.